**THOMAS J. DALY, CA Bar No. 119684**
TDaly@lrrc.com
**DREW WILSON, CA Bar No. 283616**
DWilson@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
655 N. Central Avenue, Suite 2300
Glendale, CA 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff
Grupo Salinas Inc. dba Salinas Tires & Wheels

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRUPO SALINAS INC. DBA SALINAS TIRES & WHEELS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>J R SALINAS WHEELS & TIRES INC., a California corporation; JJTS, INC., a California corporation; and SALINAS WHEELS & TIRES, a California company,<br><br>Defendants. | Case No. 8:16-cv-01923<br><br>**COMPLAINT FOR:**<br>**1. FEDERAL TRADEMARK INFRINGEMENT;**<br>**2. FEDERAL UNFAIR COMPETITION; AND**<br>**3. UNFAIR COMPETITION UNDER CAL. BUS. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Grupo Salinas Inc. dba Salinas Tires & Wheels ("Grupo" or "Plaintiff") by and through its attorneys, asserts this Complaint against Defendants J R Salinas Wheels & Tires Inc., JJTS, Inc., and Salinas Wheels & Tires (collectively "JR" or "Defendants") as set forth below.

## THE PARTIES

1. Plaintiff Grupo Salinas Inc. dba Salinas Tires & Wheels is a corporation organized under the laws of California with its principal place of business at 221 E. Whittier Blvd., La Habra, CA 90636.

2. On information and belief, Defendant J R Salinas Wheels & Tires Inc. is a corporation organized under the laws of California. On information and belief, Defendant JJTS, Inc. is a corporation organized under the laws of California. On information and belief, Defendant Salinas Wheels & Tires is a company organized under the laws of California. On information and belief, all entities have their principal place of business at 1695 W. Lincoln Ave., Anaheim, CA 92801-5502.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., unfair competition under the Lanham Act, 15 U.S.C. § 1125 et seq., and California state statutory unfair competition under California Business and Professions Code § 17200 et seq.

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a). The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. Accordingly, this Court has supplemental jurisdiction over Grupo's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) as the Defendants are residents of this judicial district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) as the Central District is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

### Grupo Salinas' Ownership and Use of its Trademark

6. Grupo is the owner of United States Trademark Registration No. 3,903,401 for SALINAS TIRES & WHEELS in International Class 035 (the "SALINAS Mark"). This registration has a registration date of October 26, 2010. Attached as Exhibit A is a copy of the Registration for the SALINAS Mark. The SALINAS Mark is now incontestable.

7. For over 22 years, Grupo and its predecessors have been selling automotive tires and wheels under the SALINAS Mark.

8. Through its commitment to exceptional customer service and value pricing, Grupo has grown year after year. It has been recognized as one of the top sellers of wheels and tires for many of its vendors, including MHT Wheels.

9. Grupo's commitment to service and the community has not gone unnoticed. In 2008, Grupo was named "Business of the Year" by the City of La Habra, and the award was recognized by Orange County, the Chamber of Commerce, the California State Assembly, and even the U.S. House of Representatives. Copies of these awards and recognitions are attached as Exhibit B.

10. Grupo's continuous use of the mark and commitment to quality has generated a significant amount of goodwill in the SALINAS Mark, and an association of the SALINAS Mark with Grupo in the mind of the relevant consuming public.

### JR's Theft of the SALINAS Mark

11. Like many small businesses, Grupo is family run.

12. Owned and operated by the husband and wife team of Jorge and Luz Salinas, Grupo employed other family members, including Mr. Salinas' nephew through his sister, Juan Jorge Torres ("Torres"), and Torres' sister, Mr. Salinas' niece, Juana Leticia Torres ("Leticia").

13. Despite being a member of the larger Salinas family, Torres' last name is Torres, not Salinas, as he is a member of the family through his mother's side.

14. Torres started as a salesman and eventually worked his way up to a manger of one of Grupo's store locations.

15. Leticia was in charge of the accounting of at least one of the stores, and had, over time, associated the accounting system, along with the complete registry of Grupo's customers and vendors, with her personal email accounts.

16. Unbeknownst to Mr. Salinas, on or about January 2016, Torres began to develop plans to open a competing tire and wheel store in neighboring Anaheim, less than 10 miles from Grupo's flagship store.

17. At the end of February 2016, Torres quit Grupo, and shortly thereafter opened a competing store operating under the name SALINAS WHEELS & TIRES.

18. Torres' sister Leticia also quit Grupo and moved to Torres' store, taking Grupo's entire database of customers and vendors with her when she left. In doing so, she cut off Grupo's access to its accounting software as the software was linked to Leticia's personal email account.

**JR's Use of the SALINAS Mark Has Already Caused Confusion**

19. JR's use of the SALINAS Mark has already created confusion among the relevant consuming public as well as various vendors that are shared between the two companies.

20. On information and belief, JR first used the SALINAS Mark on a billboard and on its website with SALINAS appearing as the dominant portion of the mark in a confusingly similar manner to Grupo's use:

-4-

**Grupo's Use**



**JR's Use**



21. After Grupo complained about JR's use of the SALINAS Mark, JR appended "JR" in significantly smaller font to the already existing SALINAS WHEELS & TIRES sign. As is demonstrated below and from JR SALINAS WHEELS & TIRES website, which is attached as Exhibit C, SALINAS is still the dominant portion of the mark.

22. As explained above, Leticia, took the entire accounting database from Grupo when she left the company, and on information and belief, Torres and other persons working for JR have used this information to JR's unfair advantage.

23. On information and belief, JR used its confusingly similar name and Torres' existing relationship with Grupo's vendors that he gained from his time at Grupo to open up new accounts, obtaining superior pricing and creating accounts on terms that JR would not have otherwise been able to obtain without its association with Grupo.

24. Many of Grupo's vendors are confused as to the nature of the relationship between Grupo and JR. When Grupo calls certain of its vendors, it has been asked on various occasions if it would like products shipped to its

"Anaheim location." Grupo has no Anaheim location, and any reference to Grupo's Anaheim location is a reference to JR.

25. On information and belief, customers have called, confused about the relationship with Grupo and JR. At various times customers have appeared in Grupo's showroom asking to speak with Torres who told them to come down to the store to get the best pricing.

26. On information and belief, when Torres left Grupo to start JR, he took one of Grupo's largest customers with him, causing Grupo to lose tens of thousands of dollars a month in sales.

27. On information and belief, JR has done nothing to alleviate this confusion. When customers call the store, telephones are still answered "Salinas Tires."

28. On information and belief, JR and Grupo continue to advertise in the same channels of trade such as the internet and automotive enthusiast magazines and trade shows.

**Mr. Salinas' Attempts to Settle the Dispute Without Resorting to Litigation**

29. Understandably upset that his nephew opened a competing store with the exact same mark, only with the last two words transposed, i.e. SALINAS WHEELS & TIRES versus SALINAS TIRES & WHEELS, on or about March 2016, Mr. Salinas contacted Torres and requested that he change the name of the business so as not to cause confusion with the SALINAS Mark and Grupo.

30. Torres agreed but did not elaborate on the extent of the change. Instead of moving to a different mark that would alleviate confusion, such as TORRES WHEELS & TIRES, Torres simply added "JR" in significantly smaller font to the already existing SALINAS WHEELS & TIRES sign. As is demonstrated below and from JR SALINAS WHEELS & TIRES website, which is attached as Exhibit C, SALINAS is still the dominant portion of the mark.

**JR Salinas WHEELS & TIRES**

31.  Torres also re-registered the business with the California Secretary of State, creating a second entity, JR SALINAS WHEELS & TIRES, on March 15, 2016, a mere month and a half after his initial registration of SALINAS WHEELS & TIRES on January 27, 2016.  Both share the same address, and on information and belief, both are making the same infringing use of the SALINAS Mark.  Attached as Exhibit D is a copy of a Comprehensive Business Report for SALINAS WHEEL & TIRE showing the registration dates of  JR SALINAS WHEEL & TIRE and SALINAS WHEEL & TIRE, along with Torres' identification as "Juan Jorge Torres," not "Juan Jorge Salinas."  Attached as Exhibit E is a printout from the California Secretary of State Website for JJTS, Inc. showing that it shares the same address as JR SALINAS WHEELS & TIRES and SALINAS WHEELS & TIRES, along with Torres' identification as "Juan Jorge Torres," not "Juan Jorge Salinas."

32.  After having exhausted the possibility of resolving this dispute within the confines of the family, on August 29, 2016, Grupo sent Torres a cease and desist letter through its former counsel, demanding that Torres and JR stop their infringing use of the SALINAS Mark.

33.  On September 20, 2016, JR's attorney responded, incorrectly claiming that Torres' use of the SALINAS Mark was a nominative fair use because "Salinas" was his last name.  He then suggested that the parties were in a "Mexican standoff" (his actual words) and should go their separate ways with no change to Torres' use of the SALINAS Mark.

34.  Grupo, who continues to be injured by JR's use of the SALINAS Mark, was then forced to file this lawsuit.

# COUNT I

## (Trademark Infringement of a Registered Trademark Under the Lanham Act 15 U.S.C. § 1114)

35. Grupo repeats and realleges the allegations of paragraphs 1 through 34 of the Complaint as if fully set forth here.

36. The above-cited acts by JR constitute trademark infringement in violation of 15 U.S.C. § 1114.

37. Grupo has been damaged by JR's trademark infringement by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship or approval of the two stores.

38. By reason of JR's actions alleged herein, Grupo has suffered and continues to suffer irreparable injury to its goodwill.

39. On information and belief, JR's acts of trademark infringement have been willful and taken without regard to the established rights of Grupo.

# COUNT II

## (Unfair Competition Under the Lanham Act 15 U.S.C. § 1125)

40. Grupo repeats and realleges the allegations of paragraphs 1 through 39 of the Complaint as if fully set forth here.

41. The above-cited acts by JR constitute unfair competition in violation of 15 U.S.C. § 1125.

42. Grupo has been damaged by JR's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship or approval of the two stores.

43. By reason of JR's actions alleged herein, Grupo has suffered and continues to suffer irreparable injury to its goodwill.

44. On information and belief, JR's acts of unfair competition have been willful and taken without regard to the established rights of Grupo.

## COUNT III

### (Unfair Competition Under Cal. Civ. Code § 17200 *et seq.*)

45. Grupo repeats and realleges the allegations of paragraphs 1 through 44 of the Complaint as if fully set forth here.

46. The above-cited acts by JR constitute unfair competition in violation of California Civil Code § 17200.

47. Grupo has been damaged by JR's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship or approval of the two stores.

48. By reason of JR's actions alleged herein, Grupo has suffered and continues to suffer irreparable injury to its goodwill.

49. On information and belief, JR's acts of unfair competition have been willful and taken without regard to the established rights of Grupo.

## PRAYER FOR RELIEF

WHEREFORE, Grupo prays for:

1. A permanent injunction restraining JR, its officers, directors, agents, employees, representatives and all persons acting in concert with JR, from engaging in any further trademark infringement and unfair competition;

2. A monetary award for corrective advertising in an amount to rectify all the harm and damages to Grupo, including, but not limited to, the confusion caused by willful actions of JR, including, JR's purposeful use of a mark that is nearly identical to the SALINAS Mark;

3. Disgorgement of any profits JR enjoyed as a result of the use of the SALINAS Mark;

4. All damages sustained by Grupo as a result of JR's infringement and unlawful actions;

5. Treble damages under the Lanham Act as a result of JR's willful trademark infringement;

6. Recovery of any gains, profits and advantages JR has obtained as a result of JR's unlawful actions;

7. An award to Grupo of its costs in this action, including its reasonable attorneys' fees under at least 17 U.S.C. § 1117, and any other applicable authority; and

8. Such other and further relief as the Court deems proper.

Dated: October 20, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/Thomas J. Daly
Thomas J. Daly
Drew Wilson

Attorneys for Plaintiff
GRUPO SALINAS INC.
dba SALINAS TIRES & WHEELS

## JURY DEMAND

Grupo demands a jury trial on all issues for which a jury trial is permitted.

Dated: October 20, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/Thomas J. Daly
Thomas J. Daly
Drew Wilson

Attorneys for Plaintiff
GRUPO SALINAS INC.
dba SALINAS TIRES & WHEELS

LBOLTER PAS1445097.1-*-10/20/16 4:35 PM